ev. 12/07)

# PBT  CIVIL COVER SHEET

10-cv-3829

· civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided
rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating
the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

10   3829

## I. (a) PLAINTIFFS
DOROTHY WATSON

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
PORTFOLIO RECOVERY ASSOCIATES

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C 1692a, et. seq
Brief description of cause:
Attempt to collect debt from non-liable person

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Injunctive
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 7/28/10

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AUG  2 2010

# UNITED STATES DISTRICT COURT

**10   3829**

**PBT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _5704 Virginian Road, Philadelphia, PA 19145_

Address of Defendant: _120 Corporate Blvd, Norfolk, VA 23502_

Place of Accident, Incident or Transaction: _Philadelphia, PA 5704 Virginian Road_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) _15 U.S.C. 1692a, et. Seq_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Stuart A. Eisenberg_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _7/28/10_    _Stuart A. Eisenberg_    _12433_
                      Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _7/28/10_    _Stuart A. Eisenberg_    _12433_    AUG 2 2010
                      Attorney-at-Law                Attorney I.D.#

CIV. 609 (6/08)

**PBT**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Dorothy Watson          :          CIVIL ACTION

v.

Portfolio Recovery
Associates, LLC          :          NO. **10 3820**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| 7/28/10 | Stuart A. Eisenberg | Dorothy Watson |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-957-6411 | 215-957-9140 | MLawoffice@AOl.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 2 2010

**PBT**

$350

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHY WATSON, | : | CIVIL ACTION |
| 5704 Virginian Road | : | |
| Philadelphia, PA 19141 | : | NO. ▮▮▮▮▮ |
| Individually and On Behalf of | : | |
| All Others Similarly Situated, | : | 10  382 |
| | : | |
| Plaintiffs | : | CLASS ACTION |
| | : | |
| v. | : | 15 U.S.C. § 1692a, *ET SEQ.* |
| | : | |
| PORTFOLIO RECOVERY | : | |
| ASSOCIATES, LLC | : | **FILED** |
| 120 Corporate Boulevard | : | |
| Norfolk, VA 23502, | : | AUG 0 2 2010 |
| | : | |
| | : | MICHAEL E. KUNZ, Clerk |
| Defendant | : | By_____ Dep. Clerk |

## CLASS ACTION COMPLAINT IN CIVIL ACTION

### I.    INTRODUCTION

1.    Plaintiff brings this class action on behalf of herself and a nationwide class of similarly situated individuals (the "Class"), as described below.

2.    Defendant has uniformly engaged in a scheme of illegal and deceptive business practices that violate federal and state law in attempting to collect credit card debt from persons who are not liable therefor.

3.    This scheme is carried out by Defendant by means of centrally controlled sets of policies and practices, and the like, and is conspiratorially implemented by and among other entities and persons (co-conspirators) with form documents, form notices, and form complaints, against persons who are clearly not liable or responsible for the debts that Defendant seeks to collect.

4.      Defendant routinely and conspiratorially participates and engages in the procurement, initiation, and perpetuation of attempts to collect debt from and against non-responsible spouses for which the other, the responsible, party may be liable. Thus, Defendant participates in a scheme in which one person may be contractually liable for credit card debt; however, the comprehensive, pervasive, scheme involves attempts to collect debt from the non-responsible party, as well. Typically, the non-responsible party is the spouse of the responsible signatory to the credit card contract.

5.      In the case of the individual Plaintiff, Defendant sent a series of dunning, collection, letters, naming as the liable party plaintiff, Dorothy Watson. In effect, however, the liable party had been Plaintiff's husband, Carl Watson, the debt of whom was discharged in a bankruptcy proceeding.

6.      Plaintiff alleges that this practice is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq* ("FDCPA"), and other state statutes and common law.

7.      Defendant has its principal places of business in the Commonwealth of Virginia.

8.      Plaintiff seeks injunctive relief to prevent the continuation and recurrence of the challenged conduct, and to assure uniform standards by which Defendant will not seek collection from consumers knowingly not responsible for the debt sought to be collected. Plaintiff also seeks restitution for costs incurred, collections made, attorney's fees and costs, statutory damages, punitive damages, and whatever other relief this Court may deem appropriate.

9.     Reference in this Complaint to Defendant is intended to include, but not be limited to, its respective duly authorized agents, attorneys, representatives, employees, assignors, transferors, predecessors in interest, and principals, and such other persons affiliated with the said Defendant in its respective activity as "debt collector" attempting to collect and/or collecting debts for which the non-responsible spouses, *inter alia,* have no liability.

## II.     JURISDICTION AND VENUE

10.    Jurisdiction is upon this Court pursuant to 15 U.S.C. § 1692k(d) ("FDCPA").

11.    Venue is appropriate in this district as the violations underlying this action were made in this District; the Defendant conducts business in this district.

## III.    THE PARTIES

12.    Plaintiff, Dorothy Watson ("Watson"), is a citizen and resident of the Commonwealth of Pennsylvania, and resides at the address set forth in the caption.

13.    Portfolio Recovery Associate, LLC ("PRA") is a limited liability corporation and is believed incorporated in the Commonwealth of Virginia, with its principal place of business in Virginia.  Its address is as set forth in the captioned hereto. PRA conducts its business throughout the United States of America.

14.    PRA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). PRA is believed to be a "debt buyer"; that is, it purchases debt obligations from the original creditors. or their successors.[1]

---

[1] Generally, the debt purchased is in default and purchased for an amount significantly less than the face value of the debt purchased.  The debt purchased is generally in the form of a portfolio of debt from the original creditor or their respective successors.

## IV.   **SUMMARY STATEMENT OF THE CASE**

15.    This case arises from a scheme concocted and perpetuated by Defendant,

as described in the following scenario:

> When persons, as signatories to a contract with credit card
> issuers, and therefore, personally liable thereon, are in ostensibly default of
> the respective contractual obligation therefor, and/or the debt owed by the
> liable person is no longer collectible[2] from the liable person, PRA, by way of
> collection efforts by mail and/or telephone, attempts to achieve collection
> from the non-liable spouse, even though the non-liable spouse has no liability or
> responsibility therefor, in either contract or law.

16.    Basically, therefore, Defendant utilizes such collection techniques, as

telephonic and written dunning, and the court systems to pursue collection against

persons who are knowingly not liable for the debt claimed by PRA, and, as such,

Defendant is engaging fraudulent misconduct.

17.    In too many cases, the wronged consumers – those whom the United

States Congress has referenced as "the least sophisticated consumers" - succumb to the

perceived power and ostensible computer-accuracy of these creditors, and these

improperly named litigant-defendants pay or permit judgments to be achieved against

them.  Otherwise, these wronged consumers are forced to seek counsel at a financial cost.

18.    These acts by PRA have violated and continue to violate federal and state

law, including common law, and Plaintiff and the members of the Class have suffered

damages as a result.

---

[2] Debts may be no longer collectible because of discharges in bankruptcy, death, or other
reasons for which the debt collection can no longer be sought from the liable person
therefor.

## V.   **CLASS ACTION ALLEGATIONS**

19.   This case is properly maintainable as a nationwide Class action pursuant to and in accordance with <u>Federal Rule of Civil Procedure</u> ("F.R.C.P."), Rule 23(a), and 28 U.S.C. 1332(d), *inter alia*:

(1)   On belief, the Class is so numerous that joinder of all members is impractical. Although the size of the Class is not specifically known, the number of Class members is substantial, believed numbering at least in the tens of thousands.

(2)   There are substantial questions of law and fact common to the Class.

(3)   The claims of the representative Plaintiff are typical of the claims of the members of the Class.

(4)   The representative Plaintiff will fairly and adequately protect the interests of the Class under the criteria set forth in F.R.C.P. 23.

(5)   A class action under the circumstances discussed herein provides the most fair and efficient method for adjudication of the controversy under the criteria set forth in F.R.C.P. 23.

20.   This case is properly maintainable as a Class action pursuant to and in accordance with F.R.C.P. 23(b)(3).

a.   The issues of fact common to the members of the Class, as required by <u>Local Rule of Civil Procedure</u> ("Local Rule") for the Eastern District of Pennsylvania, 23.1(b)(2)(D).

b.   The questions of law common to the members of the Class, as required by Local Rule 23.1(b)(2)D).

5

c.      The questions of law and the questions of fact predominate for the Class over any questions of law and/or fact affecting only individual members of the Class.

d.      A Class action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Class are overwhelmingly predominant.

e.      As the questions of law and of fact are common to the members of the Class, and considering the prospective individual damages at issue, the interests of the members of the Class will best be controlled and served by this action.

f.      There is no reason why the litigation should not proceed in this particular forum.

g.      There are no unusual difficulties foreseen to be encountered in the management of this Class action.

h.      Plaintiff is not aware of any similar actions involving similar issues with the same Defendant having been filed in the United States District Court for the Eastern District of Pennsylvania, or in any Court.

i.      The claims by Plaintiff, herself, and for and on behalf of the members of the Class, are justified as a Class action for the reason that, although the size of the Class is not specifically known, the number of Class members is substantial, believed numbering at least in the tens of thousands on a nationwide basis.

21.    A Class action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Class is overwhelmingly predominant.

22.     As the questions of law and of fact are common to the members of the Class, and considering the prospective individual damages at issue, the interests of the members of the Class will best be controlled and served by this action.

23.     The claims by Plaintiff, for herself and for and on behalf of the members of the Class, are justified as a Class action for the reason that the causes of action for the Plaintiff are the same causes of action for all of the members of the Class derived from the following issues:

       a.     Whether Defendant, in procuring, initiating and/or perpetuating collection efforts attempting to collect or collecting credit card debt from those who are not liable therefor, have wrongfully attempted to collect debt, the collection of which is not authorized by law or contract;

       b.     Whether these acts and actions are violative of the FDCPA;

       c      Whether the actual collection resulting from these wrongful acts and actions as described above constitutes unjust enrichment?

       d.     Whether these acts and actions described above are violative of the consumer protection statutes of the Commonwealth of Pennsylvania;

       e.     Whether Plaintiff and the members of the Class incurred damages as a result of these violations and are Defendants liable therefor?

       f.     Whether Plaintiff and the members of the Class are entitled to injunctive relief, restitution, interest thereon, attorney's fees, punitive damages, statutory damages and other damages as a result of the improper attempts to collect credit card debt from non-liable persons?

7

## VI.     THE CLASS

24.     The above-named Plaintiff brings this action on behalf of herself and all

persons:

> All persons who have been the subject of collection efforts by or on behalf
> of Defendant the underlying debts for which these persons have had no
> liability or responsibility in law or contract.

## VII.    PLAINTIFFS' FACTUAL STATEMENT

25.     In the individual case of the Plaintiff:

a.      By letter dated July 27, 2009, PRA sent a dunning, collection,

letter to Plaintiff asserting that Plaintiff owed a debt of $10,888.15 for debt allegedly

incurred on a credit card issued by MBNA America Bank.  *See* Exhibit "A", attached

hereto and incorporated herein by reference.

b.      By date of October 15, 2009, in response to a dispute letter sent on

behalf of Plaintiff, PRA sent to Plaintiff a second collection letter basically denying the

dispute and referencing Plaintiff's dispute as "frivolous or irrelevant".  *See* Exhibit "B",

comprised of two pages, attached hereto and incorporated herein by reference.

c.      By letter dated April 7, 2010, PRA sent a dunning, collection,

letter to Plaintiff asserting that Plaintiff owed a debt of $11,530.37 for debt allegedly

incurred on a credit card issued by MBNA America Bank.  *See* Exhibit "C", attached

hereto and incorporated herein by reference.

d.      In response to the April 7, 2010 dunning, collection, letter, Plaintiff

retained the services of the undersigned to write a letter to PRA regarding the alleged

debt and Plaintiff's lack of liability and responsibility.  Plaintiff incurred an attorney's fee

of $50.00 therefor.

26. Defendant has engaged in a uniform scheme and course of conduct to inflate its bottom line profit by instituting credit card collection efforts, including law suits, against persons who knowingly have no liability therefor, persons who are, in fact, knowingly not signatories to any agreement by which these named defendants agreed to be liable thereof.

27. At all times relevant, Plaintiff has been married to Carl Watson; they both reside at the address set forth in the caption.

28. On belief, Carl Watson entered into and executed a written agreement with MBNA American Bank ("MBNA"), predecessor in interest to PRA, for the issuance of a credit card to the said Carl Watson. Plaintiff does not have a copy of the purported contract.

29. Plaintiff did not enter into any credit card agreement with MBNA or any affiliate thereof, either individually or jointly with her husband, Carl Watson, by which she agreed to be liable/responsible for any credit card charges therefor.

30. Plaintiff is not liable for her husband's debt.

31. PRA knew or should have known that the alleged debt was a debt for which Plaintiff had no liability.

32. Each and all of the communications from PRA involving Plaintiff constitute the use of false and misleading and misrepresentative efforts to achieve collection of a debt that is not authorized in law or by contract, specifically because the Plaintiff is not a party therefor.

33. However, on recollection, Defendant did NOT provide to Plaintiff the Notice required by 15 U.S.C. § 1692g(a).

34.     Furthermore, when Plaintiff challenged the debt, Defendant failed to respond as required by 15 U.S.C. § 1692g(b).

35.     These wrongful collection activities are intended by the Defendant to secure collection from those whom the United States Congress has defined as the "least sophisticated consumer".

36.     Plaintiff was caused to utilize the services of the undersigned attorney to exculpate Plaintiff from these wrongful collection efforts and paid a fee of $50.00, which was a reasonable and necessary expenditure.

## VIII.   COMMON CLASS ELEMENTS

37.     Plaintiff and each member of the Class was the subject of collection efforts to collect debts for which they had no liability therefor.

38.     All of the written dunning communications issued by PRA are/were form letters and inserts utilizing generic language wrongly naming the Plaintiff and members of the Class, non-liable parties, as liable parties.

39.     It is believed and therefore averred that Defendant did NOT provide Plaintiff and/or the members of the Class with the requisite notices required by 15 U..S.C. § 1692g.

40.     All of the collection attempts made to Plaintiff and the members of the Class are and have been in violation of the FDCPA.

41.     All of the collection attempts made to Plaintiff and the members of the Class are and have been in violation of various state consumer protection statutes.

42.     As to the individual Plaintiff, the attempts to collect and/or the collection of these wrongful charges are in violation of the provisions of 73 P.S. § 2270.4(b) including, but not limited to sub-section (6) thereof:

> "A creditor may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
> (i) The collection of any amount, including interest, fee, charge or expense incidental to the principal obligation, **unless such amount is expressly authorized by the agreement creating the debt or permitted by law."** (Emphasis Supplied.)

43.     These issues of fact, therefore, for all members of the Class are the same as set forth above, with minor, not substantial, variation.

44.     The questions of law governing the rights of each member of the respective Class are the same as they relate to Plaintiff, and involve the all-pervasive issue as to the legality in law as to the attempt to collect credit card debt from non-liable parties', and fees and costs for which the non-liable parties have no liability in law or contract.

45.     The Defendant engages in a uniform scheme and course of conduct to inflate its respective profits by routinely attempting to collect and collecting credit card debt from persons who have no liability therefor, but under circumstances that result in payment nonetheless by the non-responsible persons.

## IX.    CAUSES OF ACTION

### COUNT I – VIOLATION OF 15 U.S.C. § 1692a, *ET SEQ.*
### CLASS ACTION

46.     The averments of paragraphs one through and including forty-five above are incorporated herein by reference.

47.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

48.     Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

49.     15 U.S.C. § 1692e provides: "A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." In fact, Defendant-debt collector, by the overt collection attempts against the non-liable parties, made the following false representations:

        a.      15 U.S.C. § 1692e(2)(A):     The character, amount and legal status of the debt for which the non-liable parties were named in the collection correspondence as responsible therefor, when, in fact, they were not;

        b.      15 U.S.C. § 1692e(2)(B):     The false representation of an amount due and which may be lawfully received is a violation of the FDCPA. Defendant seeks recovery of the purported outstanding balance, plus interest, as purportedly due and owing PRA. This is a false representation as Defendant knowingly has no such right against Plaintiff;

        c.      15 U.S.C. § 1692e(10):     False and deceptive means to collect or to attempt to collect these debts to the extent that the non-liable parties were, in effect, allegedly liable for the debt, constitute specific misrepresentations to the Plaintiff and the members of the Class.

50.     15 U.S.C. § 1692f, provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The following conduct by Defendant/debt collector evidences the violation by them of the FDCPA:

a.      Defendant/debt collector used and continues to use unfair and unconscionable means to collect or attempt to collect debts from non-liable persons for the debts of liable persons (generally, from a non-liable spouse for the debt of a liable spouse) by dunning the non-liable parties to facilitate collections.

b.      15 U.S.C. § 1692f(1):  The collection of any amount ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law".  The debts attempted to be collected and/or have been collected are not authorized or permitted by contract or law.

51.      In any event, Defendants-Debt collectors failed in any respect to comply with 15 U.S.C. § 1692g by failing to communicate with Plaintiffs and members of the Class as required for "debt validation".

a.      There were no timely initial communications with Plaintiffs;

b.      Accordingly, there was no communication supplying the Plaintiffs with the required contents of 15 U.S.C. § 1692g(a);

c.      Accordingly, the Plaintiffs were precluded from disputing these debts of which they were being charged.

52.      15 U.S.C. § 1692g (a) requires that a "debt collector" provide Plaintiff and members of the Class with a Notice setting forth and inclusive of that set forth in 15 U.S.C. § 1692g, incorporated herein by reference, and Defendant's failure to provide such a Notice is in violation of the FDCPA.

53.      With respect to Plaintiff, Defendant failed to comply with 15 U.S.C. § 1692g(b) by failing to properly respond to a dispute letter.

54.    15 U.S.C. § 1692k specifically authorizes a private action to recover damages sustained because of these violations.

55.    15 U.S.C. § 1692k permits class actions.

56.    The acts and actions that are in violation of the FDCPA occurred within one year of the filing of this Complaint.

57.    The acts and actions by the "Debt Collector" Defendant were clearly knowing and intentional.

58.    The specific acts and action by Defendant constituting the bases for this Complaint are set forth above, and are incorporated herein by reference. *See* paragraphs 25 through and including 36, *inter alia*, above, correlated with the attached exhibits, for the detail of these acts and actions, including, the time, date, place author and the specificity of the false communications, misrepresentations and violations of the FDCPA of which Plaintiff complains.

59.    It is believed and therefore averred that the Defendant facilitated these wrongful actions for the purpose of enhancing its collections, regardless of the illegality of attempting to collect and/or collecting from non-liable parties.

60.    A review of the basic documentation as to each account purchased by and in the possession of PRA would reasonably have divulged to PRA that the Plaintiff and members of the Class were not liable parties for the debt therefor.

61.    A reasonable investigation would reveal to the Defendant the liable parties therefor, and, therefore, the non-liable parties.

62.    Plaintiff suffered damages in the form of the respective costs to secure legal representation to respond to the collection letters wrongfully sent to Plaintiff.

14

63.    It is believed and therefore averred that Plaintiff and the members of the Class are entitled to recover damages as a result of the violations of the FDCPA by defendant in the form of compensatory damages, including, but not limited to, restitution to members of the Class who paid Defendant, statutory damages, attorney's fees and costs and interest.

WHEREFORE, Plaintiff prays this Honorable Court grant appropriate damages, including, but not limited to

A.    Certifying the Class described, and appointing Plaintiff as representative of the Class, and the undersigned as Class counsel;

B.    Requiring that the "Debt Collector" Defendant pay compensatory damages, restitution, statutory damages, attorney's fees and experts' fees, and punitive damages as appropriate; and

C.    Enjoining the Defendants from conducting such violative activity in the future, and

D.    Granting such other relief as the Court may deem appropriate.

## COUNT II - UNFAIR AND DECEPTIVE TRADE PRACTICES

64.    The averments of paragraphs one through and including sixty-three above are incorporated herein by reference as if set forth herein at length.

65.    Each and every member of the Class is a consumer.

66    Defendant is a citizen of the Commonwealth of Virginia with its principal place of business in different states and jurisdictions and is an entity that, and, from these various principal places of business, place its products and services for sale into the stream of commerce of the United States of America, and this State and County, and in every state

in this nation, and makes such products and services available to the consumer in every jurisdiction in which any member of the Class resides.

67.     Defendant has advertised, offered for sale or distribution its respective products and services.

68.     Defendant has engaged in unfair and/or deceptive acts and trade practices, unfair methods of competition, and have practiced other unfair or deceptive acts or practices directly or indirectly adversely affecting the members of the Class, as described above. *See* paragraphs 25 through and including 36, above and the attached exhibits, incorporated herein by reference as if set forth herein at length. The acts and practices include, but are not limited to:

        a.     Knowingly making false and misleading statements of fact, in writing and otherwise;

        b.     Knowingly misrepresenting that the sums attempted to be collected and collected, and set forth in the dunning correspondence that is authorized by law and contract, when it is not, further misrepresenting the character and nature of the charges;

        c.     Utilizing false and misleading characterizations for the amount claims to be due, intending to mislead the consumer;

        d.     Taking any action that cannot legally be taken or justified;

        e     Otherwise engaging in other fraudulent conduct "which creates a likelihood of confusion or of misunderstanding";

        f.     Engaging in any other conduct deemed to constitute unfair trade practices, unfair methods of competition, or other unfair or deceptive acts or practices.

69.     The facts constituting the basis for these unfair trade practices are as set forth above, and specifically in paragraphs 25 through and including 36, and the attached exhibits. Defendant has engaged in other activity further exacerbating its participation in unfair trade practices.

70.     These unfair trade practices in which Defendant has participated are all intertwined with the factors constituting misrepresentation:

        a.      By acts, Defendant has made representations of a material nature that Defendant knew (or should have known) were misrepresentations.  These misrepresentations were made to Plaintiff and the members of the Class.

        b.      These misrepresentations were made with the intent to cause Plaintiff, *et al.*, to reasonably rely to their detriment, which occurred, causing Plaintiff to suffer damage, including, but not limited to, paying sums of money for legal representation, and/or paying sums of money to pay for the debt Defendant claims Plaintiff and members of the Class owe, but which, in fact, there is no liability to pay.

        c.      These misrepresentations were made with the intent to cause Plaintiff, *et al.*, to reasonably rely to their detriment, which occurred, causing Plaintiff to suffer damage, including, but not limited to, attorney fees to contest the complaints.

        d.      Because of Defendant's misrepresentations and Plaintiff's reasonable reliance thereon, Plaintiff suffered damages, including the necessary legal representation.

        e.      The representations made by Defendant were false, constituting misrepresentations.

        f.      These misrepresentations were manifested both by mischaracterizations in writings and by silence.

17

     g.    Plaintiff reasonably relied upon these misrepresentations to her detriment.

     h.    As a result of this reliance, Plaintiff has suffered additional damage, including the payment of attorney's fees.

71.    It is believed and therefore averred that the misrepresentations were intentional, or at least so recklessly made as to constitute intentional fraudulent statements.

72.    Defendant has, therefore, engaged in unfair trade practices to consumers. As such, Defendant is in violation of or has violated Pennsylvania Statutes 73 P.S. § 201-1, *et seq.*, and 73 P.S. § 2270.4 and 73 P.S. § 2270.5, and the consumer statutes of other states.

73.    Defendant has, therefore, engaged in misrepresentation and fraudulent misrepresentation, causing Plaintiff to suffer damages as provided by statute.

WHEREFORE, Plaintiff prays this Honorable Court grant appropriate damages, including, but not limited to compensatory damages, statutory damages, treble damages, punitive damages, attorney's fees and costs, interest and such other relief as the Court may deem appropriate.

Respectfully submitted:

Stuart A. Eisenberg
Attorney I.D. 12433
Carol B. McCullough
Attorney I.D. 56424
MCCULLOUGH EISENBERG, LLC
Suite 201
530 West Street Road
Warminster, PA 18974
1-215-957-6411
Attorney for Plaintiff

July 27, 2010

Exhibit "A"

Portfolio Recovery Associates, LLC.
We're giving debt collection a good name.
July 27, 2009

**MBNA AMERICA BANK/5490998311026067**
**\*BALANCE: $10888.25**
**Account/Reference No.: 5490998999121099**

## SIZZLING OPTIONS TO RESOLVE THIS ACCOUNT!

We understand these are difficult times and it has become more important than ever
to reduce debt and avoid spending hard earned money on interest charges.

### Settlement Option 1:
Take 60% off account balance & $4355.30 will be due by 08/25/2009

### Settlement Option 2:
Take 55% off account balance & pay over 6 months in equal installments!
First payment of $816.62 will be due by 08/25/2009

### Payment Option 3:
Pay as little as $200 per month beginning 08/25/2009 to pay off this account in full.

**CALL TOLL-FREE AT 1 (800) 772-1413 TO DISCUSS PAYMENT ARRANGEMENTS.**
Let us prove how committed we are to working with you!

Get started and take advantage of one of these options to move you closer to debt reduction and less financial worry!

This letter is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

**MAKE ALL CHECKS PAYABLE TO:** Portfolio Recovery Associates
**SEND ALL PAYMENTS TO:** Portfolio Recovery Associates, LLC, P.O.Box 12914, Norfolk, VA 23541
\*Interest continues to accrue on this account until the account is satisfied, unless interest has been suspended.
The above balance includes interest as of the date of this letter. You may contact us to obtain an exact payoff
amount for a future date.

**HOURS OF OPERATION (EST):**
7:30 AM to 11 PM Mon.-Fri.,  8 AM to 5 PM Sat.,  2 PM to 9 PM Sun.
**CORPORATE ADDRESS:**
Portfolio Recovery Associates, 120 Corporate Boulevard, Norfolk, VA 23502
**DISPUTES CORRESPONDENCE ADDRESS:** 140 Corporate Boulevard, Norfolk, VA 23502
Disputes Dept. E-mail Address: PRA_Disputes@portfoliorecovery.com
**CREDIT CARD PAYMENTS - TRANSACTION FEES(processed through paymybill.com)**
Master Card, Visa and Discover: $5 per $150, American Express: $7 per $150

**Quality Service Specialists available Mon. - Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to
all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at
1(888) 925-7405 or by email at qualityservice@portfoliorecovery.com

**PRIVACY NOTICE:**
We collect certain personal information about you from the following sources: (a) information we receive from you
on information about your transactions with our affiliates, others, or us; (c) information we receive from consumer
reporting agencies. We do not disclose any nonpublic information about our customers or former customers to
anyone except as permitted by law. We restrict access to nonpublic information about you to those employees
and entities that need to know that information to provide products or services to you. We maintain physical,
electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

Exhibit "B"

Dept 922
PO BOX 4115
Concord, CA 94524

**Portfolio Recovery Associates, LLC**
**We're giving debt collection a good name.**

Address Service Requested

Account/Reference No.: 5490998999121099
MBNA AMERICA BANK/5490998311026067
D13

#BWNFTZF #PRA7296648209107#

DOROTHY WATSON
5704 VIRGINIAN RD
PHILA PA 19141-1724

October 15, 2009

Dear DOROTHY WATSON:

PRA Account/Reference No.: 5490998999121099

I am writing in response to your recent dispute.

However, since you have submitted a dispute that is substantially the same as a dispute previously submitted by you and we have already responded to this dispute, then as per the Fair Credit Reporting Act, 15 USCS § 1681s-2(a)(8)(F)(ii), we are notifying you that such dispute is frivolous or irrelevant.

If we continue to receive subsequent correspondence from you regarding a dispute that has already been resolved, we will consider your inquiry answered. No further replies will be forthcoming unless you provide the information we need to assist you. Our office considers this matter closed.

Sincerely,

Disputes Department
Portfolio Recovery Associates
140 Corporate Boulevard
Norfolk, VA 23502
Phone: 1-800-772-1413 ext. 10181

**Hours of Operation (EST):** 7:30 AM to 11 PM Mon.-Fri., 8 AM to 5 PM Sat., & 2 PM to 9 PM Sun.

This letter is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

**Notice: See Reverse Side for Important Information**

PRAD13-1008P300013-ZPPT-7 12

**MAKE ALL CHECKS PAYABLE TO:**  Portfolio Recovery Associates, LLC
**SEND ALL PAYMENTS TO:**  Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541

**COMPANY ADDRESS:** Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA  23502

**DISPUTES CORRESPONDENCE ADDRESS:** PRA Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502
**DISPUTES DEPARTMENT E-MAIL ADDRESS:** PRA_Disputes@portfoliorecovery.com

**CREDIT CARD TRANSACTION FEES:** Third party vendors may charge a transaction fee for processing payments made by credit card; however, PRA does not charge or accept any fees. Please discuss this option with our staff if you have any questions.

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. - Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we received from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws:

**CALIFORNIA:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**COLORADO:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM OR www.ago.state.co.us/CADC/CADCmain.cfm.html. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**MAINE:** Telephone number at licensed location is (888) 772-7326. Hours of operation at licensed location are 7:30 AM to 11 PM EST Monday through Friday, 8 AM to 5 PM EST Saturday, and 2 PM to 9 PM EST Sunday.

**MASSACHUSETTS:** Office located 49 Winter St, Weymouth, MA 02188. Telephone (888) 772-7326. Hours of operation are 9 AM to 6 PM EST Monday through Thursday. **NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.**

**NEW YORK CITY:** City of New York License Number 1096994.

**NORTH CAROLINA:** Collection Agency Permit No. 4132.

**TENNESSEE:** This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance. (#00000770)

Exhibit "C"

.0 02:16p    PETRA WATSON                                    215 424 5337        p.2

 Portfolio Recovery Associates, LLC.

We're giving debt collection a good name.

April 7, 2010

**MBNA AMERICA BANK**
5490998311026067
PRA Account/Reference No.: **5490998999121099**
* Balance: **$11,530.37**

## Take a Discount On This Account . . . but only if you want it!

| Pay the Full Balance | Discounted Settlement Payment Plans **Save $6,910.37** |
|---|---|
| 1 Payment - **$11,530.37** | 1 Payment - **$4,620.00** |
| 6 Monthly Payments of **$1,921.73** | 6 Monthly Payments of **$770.00** |
| 12 Monthly Payments of **$960.86** | 12 Monthly Payments of **$385.00** |
| Your account will be considered "Paid in Full" after we post your final payment. | Your account will be considered "Settled in Full" after we post your final payment. You owe nothing more.<br><br>If you satisfy the terms of this settlement offer, no further interest will be charged to you. |

### Your first payment must be received by 05/07/2010 to qualify for these offers

### Call today to set up payment arrangements and resolve this account!

| Mail: | Call: ☎ | Online: |
|---|---|---|
| Mail all checks and payments to:<br>Portfolio Recovery Associates, LLC.<br>P.O. Box 12914<br>Norfolk, VA 23541 | Call Toll-Free at **1-800-772-1413** to discuss payment arrangements. Let us prove how committed we are to working with you! | Pay us online at:<br>www.portfoliorecovery.com |

*We are not obligated to renew this offer. Interest continues to accrue on this account until the account is satisfied, unless interest has been suspended. The above balance includes interest as of the date of this letter. You may contact us to obtain an exact payoff amount for a future date.*

**HOURS OF OPERATION (EST):** 7:30 AM to 11 PM Mon.-Fri., 8 AM to 5 PM Sat., 2 PM to 9 PM Sun.
**COMPANY ADDRESS:** Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA 23502

**DISPUTES CORRESPONDENCE ADDRESS:** 140 Corporate Boulevard, Norfolk, VA 23502
Disputes Dept. E-mail Address: PRA_Disputes@portfoliorecovery.com

**CREDIT CARD TRANSACTION FEES:** Third party vendors may charge a transaction fee for processing payments made by credit card; however, PRA does not charge or accept any fees. Please discuss this option with our staff if you have any questions.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we receive from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

This letter is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**    PRA49M2-0406N114184-JSL4-7 4643